O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD W. BEARD, | ) | CASE NO. ED CV 05-00897 RZ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This is Plaintiff's third federal-court challenge of an even greater number of administrative decisions denying his disability claims over the past dozen years. The last such action ended in a remand Judgment directing the Administrative Law Judge to take several corrective steps. Plaintiff argues the subsequent proceedings, which ended in another denial of benefits, fell short of what the Court's remand required in certain ways. (Plaintiff's claim is limited to the time between September 6, 1997 – one day after the denial of a prior claim – and his last insured date of December 31, 2000.) As to some of those ways, the Court agrees and therefore will remand yet again, although it also finds several of Plaintiff's arguments unpersuasive.

///

///

///

# I.

## CONSIDERATION OF ALL IMPAIRMENTS
## (AND IMPAIRMENTS IN COMBINATION)

Plaintiff's appeal largely focuses on the following portion of the Court's remand Order:

> Plaintiff complains that the Administrative Law Judge did not consider all his impairments, and he identifies elevated blood pressure, the existence of a renal cyst, hydronephrosis, obesity and microcytic anemia. Plaintiff also complains that the Administrative Law Judge did not consider the side effects of his various medications. In this Court, the Commissioner responds by saying that Plaintiff has not established functional limitations resulting from these maladies, citing to *Mathews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993), for the proposition that the existence of an impairment does not mean that a person is disabled. But that misses the issue.

> The issue instead is whether the Administrative Law Judge considered the medical evidence. "[I]n interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003), *citing Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998), and *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). But if he is not to consider significant evidence, he needs to say why. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984), *citing Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981). The Administrative Law Judge did not do so here.

> This kind of evidence should have been considered by the Administrative Law Judge. The Administrative Law Judge must consider the combined effects of impairments, *Howard v. Wolff, supra*, and it is reasonable to assume that some of the impairments here may be related. Hypertension,

anemia and heart disease all may be related, as may be obesity. *See, e.g.,*
*Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003) (Administrative Law
Judge must consider interactive effect of obesity with hypertension and
diabetes). The hydronephrosis could shed some light on Plaintiff's assertions
of a need for frequent urination. [Footnote omitted.]   None of this was
addressed in the Administrative Law Judge's decision, nor did the
Administrative Law Judge state why he was *not* addressing these matters.

On remand, he should do so.  Furthermore, he should consider all the
medical evidence, including that evidence which the Appeals Council
identified in its administrative remand after the decision in 2002.  This
includes the results of the stress test supervised by Dr. Eisenstein.  [AR 590-
91]  As the Appeals Council noted [AR 534], contrary to a finding by the
Administrative Law Judge in the first decision on a different test, the results
of this stress test were interpreted by the supervising doctor as showing a poor
tolerance for exercise and frequent PVC's.   [AR 590-91].   (The Court
assumes PVC stands for premature ventricular contraction.  DORLAND'S,
*supra*, at 1391.)

The Administrative Law Judge is not a doctor, *Day v. Weinberger*, 522
F.2d 1154, 1156 (9th Cir. 1975), and it appears to this Court that a medical
expert is necessary to evaluate the medical evidence in the record.  *See, e.g.,*
*Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17
(1st Cir. 1996).  On remand, the Court recommends that the Administrative
Law Judge employ such an expert.

Administrative Record ("AR") 787-88.  Plaintiff asserts that the new opinion does not meet
the requirements spelled out in the remand order.  As to heart ailments and kidney function,
at least considered in isolation, the Court disagrees.  As to obesity and anemia, however,
the undersigned agrees.

### A.   Cardiac Ailments

On remand, the Administrative Law Judge heard testimony from a medical expert, Samuel Landau, M.D.  Dr. Landau clearly considered Plaintiff's coronary ailments and proposed certain work-related limitations based upon them.  The doctor explained as follows:

> [Plaintiff's heart condition, American Heart Association class
> IIB,] would limit him to sitting, standing or walking six hours
> out of eight, either one.  Lifting and carrying to ten pounds
> frequently, twenty pounds occasionally.  Stooping and bending
> to occasional.  He could occasionally climb stairs, but he
> couldn't climb ladders, work at heights, or balance.  And he
> couldn't work above shoulder level on the left [shoulder]
> because he has tendinitis of the left shoulder too.

AR 818.  Dr. Landau considered the treadmill stress tests that were of concern to the Court previously; indeed, Plaintiff's attorney specifically cross-examined the expert about those tests, including the troubling "frequent PVC's" annotation on one of them.  *See* AR 821 (Dr. Landau's opinion that Plaintiff's "exercise [inaudible] is not normal" in light of his treadmill stress test results, "but it's consistent with the limitations that I suggested").  As the Administrative Law Judge noted in adopting Dr. Landau's view, the expert's opinion enjoyed the support of a consultative examination.  *See* AR 783, 374.  The medical expert's testimony generally constitutes substantial evidence where he provides a specific and rational narrative to justify that testimony.  *See Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir. 1999).

To the extent the Administrative Law Judge discounted the outlying views of treating physician Dr. Saeed, *see* AR 783, such was not error.  An Administrative Law Judge may favor consultative examiners' views over those of treating physicians if he

"makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (internal quotations omitted). The Administrative Law Judge satisfies this burden by setting forth a detailed and thorough summary of the facts and conflicting clinical evidence, stating his or her interpretation thereof, and making findings reasonably supported by that evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Moreover, an "ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004). Dr. Saeed opined in April and June 1999, in similar, very brief letters, that Plaintiff had been unable to work since April 1997. The Administrative Law Judge noted that Dr. Saeed's opinion was conclusory and clashed with the findings of other consulting physicians as well as those of Dr. Landau.

## B.   Kidney Ailments

The new opinion also adequately addresses Plaintiff's kidney ailments, again through the testimony of medical expert Dr. Landau. The medical expert explained that no objective medical basis existed for Plaintiff's complaints of needing to urinate up to 45 times a day. Dr. Landau expressly discounted hypertension as a cause for such a symptom and implicitly rejected the renal cyst as a cause too. Plaintiff quibbles with Dr. Landau's testimony, but unpersuasively so. For example, Plaintiff points out that the medical expert admitted on cross-examination that side effects from Plaintiff's medications "could" cause "frequent urination," but this is unpersuasive because Dr. Landau squarely addressed, and clearly disputed, the very insinuation that Plaintiff now is trying to make: "Yes, [the medications could contribute to frequent urination,] but not to that degree." AR 819. Plaintiff seeks to make much, also, of Dr. Landau's cross-examination testimony that Plaintiff would need ready access to restroom facilities, but, again, the medical expert made

clear that "just normal access . . . would be adequate based on the objective medical evidence in the medical record."  AR 820.

### C.   Obesity And Anemia

Nearly unmentioned in the new opinion, however, are Plaintiff's anemia and obesity.  (The 74-inch-tall Plaintiff has ranged from 243 pounds in 1996 to 257 pounds in 2000.  AR 372, 701.)  The Administrative Law Judge does list those conditions among several "severe" ailments, AR 782, but the opinion does not include any other substantive mention of them, even for purposes of explaining, for example, that they do not merit any greater restrictions on Plaintiff's ability to work than those already assessed.  (The opinion notes that Plaintiff's "weight has been stable" but does not indicate whether his overweight status compounds his other ailments.  AR 783.)  Defendant asserts that Plaintiff has failed to identify any evidence of functional limitations caused by either of these ailments, but the Court rejected that as an excuse for a complete failure to discuss them in its prior remand.

It is certainly possible that express consideration of these ailments will not alter the outcome.  As to obesity, this may be so due in part to a new obesity-related decision that appears to limit the impact of *Celaya*, namely *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005); *but see Petersen v. Barnhart*, 213 Fed. Appx. 600 at *3 & n.3 (2006) (ALJ's failure to acknowledge claimant's obesity prior to her last date insured, and to develop factual record necessary to permit determination of impact of such obesity on extent of her impairment, was not harmless error, where claimant's obesity was evident from record and was implicitly raised in her report of symptoms) (distinguishing *Burch*, in which ALJ did discuss obesity).  As to anemia, it is possible that the Administrative Law Judge will explain why – instead of merely stating that – Plaintiff's corresponding subjective complaints of fatigue are exaggerated.  *See* AR 783.  For now, however – and particularly in light of the mandate's specific prescription for some discussion of these ailments – the Court is troubled by the absence of even a brief explanation by the

1   Administrative Law Judge as to why obsesity and anemia do not compound the limitations

2   already assessed.  Accordingly, remand is warranted.

3

4   **II.**

5   **PLAINTIFF'S CREDIBILITY**

6           Plaintiff also asserts that, on remand, the Administrative Law Judge failed to

7   provide a sound basis for discounting his credibility.   In light of the foregoing

8   determination to remand, however – and as it did in its prior remand – the Court neither

9   makes nor intimates any ruling on this issue at this time.  (For now, however, the Court

10  notes that the reasons expressly given for discounting credibility appear to be quite brief,

11  if not necessarily deficient.  To the extent that the Administrative Law Judge may ground

12  his credibility determination substantially upon the corresponding findings of prior

13  administrative opinions, as argued *post hoc* by Defendant in support of the latest credibility

14  findings, he may wish to say so expressly and to include those reasons in his credibility

15  discussion – instead of relying solely on the general incorporation of those prior opinions.)

16  On remand, the Administrative Law Judge should revisit the matter if appropriate to do so

17  on the basis of further evidence.

18

19          DATED:  September 5, 2007

20

21

22

23                                         RALPH ZAREFSKY
                                           UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28